UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 23, 2014

James Keith Hudson
ECI-Annex
30420 Revells Neck Road
Westover, MD 21890

Stacey I. Cole, Esquire
Special Assistant United States Attorney
6401 Security Boulevard, Room 617
Baltimore, MD 21235

      RE:   *James Keith Hudson v. Commissioner, Social Security,*
               Civil No. SAG-13-2491

Dear Mr. Hudson and Counsel:

      This case has been assigned to me by consent of the parties. [ECF Nos. 7, 11]. I have reviewed the Commissioner's Motion to Dismiss [ECF No. 14], which has not been opposed by Mr. Hudson.[1] For the reasons set forth below, the Commissioner's motion is GRANTED and the complaint is DISMISSED.

      On August 31, 2012, the Appeals Council mailed Mr. Hudson notice of its decision denying his request for review of an adverse decision from an Administrative Law Judge. Weigel Decl. Ex. 2. That notice also advised Mr. Hudson of his statutory right to commence a civil action within sixty days from receipt of the notice. *Id.,* 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901,

---

[1] Upon receiving the dispositive motion from the Commissioner, the Clerk's Office mailed a Rule 12/56 letter to Mr. Hudson to advise him of the motion. [ECF No. 15]. The letter was sent to the address of record for Mr. Hudson, which is at the Eastern Correctional Institution in Westover, Maryland. [ECF No. 16]. However, the letter was returned to the Clerk's Office, bearing a handwritten notation that Mr. Hudson had been released from the institution. *Id.* Mr. Hudson has not updated his address with the Court, which alone is grounds for dismissal of his case. *See* Local Rule 102.1(b)(iii) (noting that if any self-represented litigant fails to maintain a current address with the Clerk, "the Court may enter an order dismissing any affirmative claims for relief filed by that party").

422.210(c). Mr. Hudson has not alleged that he received the notice outside of the statutory time period. He therefore had to file his civil action on or before November 5, 2012. Instead, Mr. Hudson filed his complaint many months after that deadline, on August 26, 2013. [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain strict conditions, including filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent an agreement by the Commissioner to toll the deadlines, or a basis for equitable tolling of the deadlines. "Because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000). Mr. Hudson has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Mr. Hudson filed his case long after the statutory limitations period had run, and the Commissioner's Motion to Dismiss must therefore be granted.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge